CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 11 2017

JULIA C. DUDLEY, CLERK
BY: /s/
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JAMES E. DAVIS,<br>    Plaintiff, | Civil Action No. 7:17-cv-00251 |
| v. | MEMORANDUM OPINION |
| WESTERN VIRGINIA REGIONAL<br>JAIL, et al.,<br>    Defendants. | By:  Hon. Michael F. Urbanski<br>       Chief United States District Judge |

James E. Davis, a Virginia inmate proceeding pro se, filed a complaint pursuant to 42 U.S.C. § 1983 naming the Western Virginia Regional Jail ("Jail") and Robbie Altizer as defendants. This matter is before the court for screening pursuant to 28 U.S.C. § 1915A.

The court must dismiss the complaint because it fails to state a claim upon which relief may be granted. The Jail is not amenable to suit via § 1983. See, e.g., Will v. Michigan Dep't of State Police, 491 U.S. 58, 70-71 (1989); West v. Atkins, 487 U.S. 42, 48 (1988) (recognizing a § 1983 claim must allege the violation of a federal right by a person acting under color of state law); Preval v. Reno, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a "person," and therefore not amenable to suit under 42 U.S.C. § 1983."), aff'd in part and rev'd in part, 203 F.3d 821 (4th Cir. 2000), reported in full-text format at 2000 U.S. App. LEXIS 465, at *3, 2000 WL 20591, at *1 ("The court also properly determined that the Piedmont Regional Jail is not a 'person' and is therefore not amenable to suit under § 1983[.]"). The only allegation about Altizer is that Altizer "assaulted" Plaintiff. Plaintiff's reliance on the label and conclusion "assaulted" is not sufficient to state a claim of excessive force in violation of the Constitution. See, e.g., Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007); Bass v. E.I.

Dupont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003); see also Whitley v. Albers, 475 U.S. 312, 320 (1986); Young v. City of Mount Ranier, 238 F.3d 567, 575 (4th Cir. 2001).

To the extent Plaintiff may be able to state a claim actionable via § 1983 against a person, Plaintiff is granted ten days' leave to file an amended complaint that states a claim upon which relief may be granted. See, e.g., Gordon v. Leeke, 574 F.2d 1147, 1152 (4th Cir. 1978). If the court does not receive anything from Plaintiff within seventeen days, the Clerk shall strike the case from the active docket, and Plaintiff may refile his claims in a new and separate action at the time of his choice subject to the applicable limitations period. See, e.g., Owens v. Okure, 488 U.S. 235, 249-50 (1989).

**ENTER:** This 11th day of July, 2017.

/s/ Michael F. Urbanski
Chief United States District Judge